1   LAW OFFICES OF DEBORAH L. RAYMOND
    Deborah L. Raymond, SBN 173528
2   445 Marine View Avenue, Suite 305
    Del Mar, CA 92014
3   (858) 481-9559
    email: draymond@lawinfo.com
4
5   Attorney For Plaintiffs, RICHARD VAN DYKE and NADINE DIETRICH
6
7
8
9                   UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
10                                              **CV09-4520 ODW (SSx)**
                                                Case No.
11  RICHARD   VAN   DYKE,   an   individual;
    NADINE DIETRICH, an individual,            COMPLAINT  FOR  INJUNCTIVE  RELIEF,
12                                             ENFORCEMENT OF RESCISSION,
            Plaintiffs,                        DAMAGES, DECLARATORY RELIEF, AND
13                                             TO QUIET TITLE RELATING TO
    vs.                                        VIOLATIONS OF THE TRUTH IN LENDING
14                                             ACT; CALIFORNIA ROSENTHAL ACT;
    GREENPOINT MORTGAGE FUNDING,               DECLARATORY RELIEF AND
15  INC., a New York Corporation; GMAC         **DEMAND FOR JURY TRIAL**
    MORTGAGE USA CORPORATION, a
16  Delaware Corporation; and DOES 1-10,       [15 U.S.C. §§1601 et seq.; Cal. Civ. Code
    inclusive,                                 §§1788 et seq.]
17
18          Defendant(s).
19
20
21          COMES NOW the Plaintiffs, RICHARD VAN DYKE and NADINE DIETRICH
22  (hereinafter "Plaintiffs") who allege:
23                              **INTRODUCTION**
24          1.    This Complaint is filed under the Truth In Lending Act ("TILA"), 15 U.S.C.
25
26  §§1601, et seq. to enforce Plaintiffs' rights under the TILA, including without limitation, the right to

rescind a consumer credit transaction, to void the Defendants' security interest in Plaintiffs' residence, to recover actual and statutory damages, reasonable attorney's fees and costs by reason of Defendants' violations of TILA and Regulation Z, 12 C.F.R. §226 (Reg. Z"). In addition, Plaintiffs seek actual and statutory damages, reasonable attorney's fees and costs by reason of the defendant GMAC's violations of the California Rosenthal Act ("Rosenthal Act"), Cal. Civ. Code sections 1788 et seq. Finally, Plaintiffs seek declaratory relief against Defendants.

## JURISDICTION

2. Jurisdiction is conferred on this court by 15 U.S.C. 1640(e), 28 U.S.C §§ 1331, 1337 and by the doctrine of pendent jurisdiction. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

## COMMON ALLEGATIONS

3. At all times mentioned in this Complaint, Plaintiff Richard Van Dyke was and is an individual consumer residing in the County of Orange, and was and is an owner of that certain real property located in the County of Orange and generally described as 2 Montreaux, Newport Coast, California 92657 ("Plaintiffs' Residence" or "the Real Property"). A copy of the legal description of the Real Property is herein attached and incorporated by reference as Exhibit "A".

4. At all times mentioned in this Complaint, Plaintiff Nadine Dietrich was and is an individual consumer residing in the County of Orange, and was and is an owner of the Real Property.

5. Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, defendant GREENPOINT MORTGAGE FUNDING, INC. ("GREENPOINT") was and is a New York corporation doing business in the state of California and in the business of originating consumer credit transactions described in TILA. At all times mentioned in this Complaint, defendant GREENPOINT was and is a creditor within the meaning of 15 U.S.C. §1602(f).

6. Plaintiffs are informed and believe and thereon allege that at all time mentioned in this Complaint, defendant GMAC MORTGAGE USA CORPORATION ("GMAC") was and is a Delaware corporation doing business in the state of California and in the business of originating consumer credit transactions described in TILA, and/or the purchasing and otherwise taking assignment of consumer credit transactions described in TILA, originated by others.  Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, defendant GMAC was and is a creditor within the meaning of 15 U.S.C. §1602(f).

7.  The true names and capacities, whether corporate, individual or other, of the defendants sued as Does 1 through 10 are presently unknown to Plaintiffs who therefore sue said defendants by such fictitious names.  Plaintiffs will seek leave to amend this Complaint to reflect the true names and capacities of said defendants when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

8.  Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, each of the defendants was an officer, director, agent, employee, assignor, assignee or associate of each of their co-defendants, and was at all times acting within the scope of such capacity with the full knowledge and consent of each said co-defendant.

### IV. COMMON FACTUAL ALLEGATIONS

9. Plaintiffs re-allege and incorporate the allegations in Paragraphs 1 through 8 above with the same force and effect as if herein set forth.

10.  In or about May 2006, after Plaintiffs sustained a water leak, had problems with their insurance company in handling that leak, and Plaintiff Richard Van Dyke ("Plaintiff Richard") became ill, Plaintiffs sought to borrow money to assist them with the financial challenges brought

1    about by their situation. Plaintiffs contacted Secured Lending, a mortgage broker that Plaintiffs had

2    previously used.

3        11. On or about June 29, 2006, Plaintiff Richard was contacted by Secured Lending

4    and instructed to go to the office of Escrow Forum to sign loan paperwork. As instructed Plaintiffs

5    went to Escrow Forum's office. At the office, Plaintiff Richard entered into a consumer credit

6    transaction ("Transaction") secured by Plaintiffs' Residence, by entering into a promissory note with

7    defendant GREENPOINT, in the amount of One Hundred Three Thousand Eight Hundred Dollars

8    ($103,800.00), secured by a second deed of trust on Plaintiffs' Residence. The purpose of the

9    Transaction was primarily personal, family and household in that the money was used to pay personal

10    obligations. The Transaction was subject to a finance charge and was payable by written agreement

11    in more than four installments. Although disguised as a Home Equity Line of Credit, the Transaction

12    was a closed end transaction since the initial advance was the entire amount of the credit line and no

13    available line of credit ever existed.

14

15        12. On or about June 29, 2006, Plaintiff Richard, in the course of the Transaction,

16    signed numerous Transaction documents dated June 26, 2006. Immediately after Plaintiff Richard

17    signed and the Transaction documents were notarized, the Transaction documents were taken by the

18    notary public and Plaintiff Richard was given another packet of documents. Plaintiff Richard was told

19    that the packet of documents given to him were copies of the Transaction documents he had just

20    signed. Plaintiffs did not receive certain required Transaction documents, including but not limited

21    to two copies each (for a total of four copies) of the notice of right to cancel containing the correct date

22    of the expiration of the cancellation period and disclosures containing required information, including

23    but not limited to the annual percentage rate, amount of finance charges, number of payments and

24    schedule of payments. A copy of the only two copies of the Notice Of Right To Cancel received by

25

26

Plaintiffs, which do not contain a date of expiration of the cancellation period as required by 12 C.F.R. ("Reg. Z") is herein attached and incorporated by reference as Exhibits "B-1" and "B-2".

13. On December 2, 2008, pursuant to 15 U.S.C. §1635, Plaintiffs rescinded the Transaction by sending the notice (Rescission Notice) required by Regulation Z, along with a Qualified Written Request to defendant GREEN POINT by facsimile and Certified First Class United States Mail and to defendant GMAC by Certified First Class United States Mail. A copy of the Rescission Notice is herein attached and incorporated by reference as Exhibit "C".

14. More than twenty (20) days have elapsed since the QWR/Rescission Notice was sent to defendants GREENPOINT and GMAC, and defendants GREENPOINT and GMAC have failed and refused, and continue to fail and refuse, to perform any of the acts required by 12 U.S.C. §2605 and 15 U.S.C. §1635(b).

15. Despite receipt of the Rescission Notice and QWR, defendant GMAC continued its collection efforts of a disputed debt, demanded payment of false amounts, and harassed Plaintiffs by telephoning Plaintiffs repeatedly and directly despite knowing that Plaintiffs were represented by an attorney and Plaintiffs' demand that all communications be directed to Plaintiffs' attorney.

16. Defendant' actions have caused Plaintiffs severe emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

## FIRST CAUSE OF ACTION

### (TILA )

17. For a First Cause of Action against Defendants, Plaintiffs restate the allegations contained in Paragraphs 1 through 16.

### COUNT ONE – Rescission

18. The Transaction was subject to Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Reg Z § 226.15 (12 C.F.R. §226.15).

19. In the course of the Transaction, 15 U.S.C. § 1635(a) and Reg Z § 226.15(b) were violated when Plaintiffs did not receive two copies each of a notice of right to cancel containing the correct date of expiration of the cancellation period.

20. In the course of the Transaction, 15 U.S.C. § 1635(a) and Reg Z § 226.15(b) were violated when defendant GREENPOINT failed to deliver to Plaintiffs all "material" disclosures required by TILA and Reg Z.

21. Plaintiffs had a continuing right to rescind the Transaction, pursuant to 15 U.S.C. § 1635(a) and Reg Z § 226.15(a)(3), for up to three years after consummation of the Transaction.

22. Plaintiffs rescinded the transaction by mailing the Rescission Notice to GREENPOINT and GMAC within three years of consummation of the Transaction.

23. More than twenty (20) calendar days have elapsed since defendants GREENPOINT and GMAC received the Rescission Notice.

24. Defendants GREENPOINT and GMAC have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the Transaction, including the termination of the deed of trust recorded against Plaintiffs' Residence, as required by 15 U.S.C. §1635(b) and Reg Z § 226.15(d)(2).

25. By way of Plaintiffs' rescission of the Transaction, Plaintiffs are entitled to:

a. Enforcement of the Rescission of the Transaction;

b. Termination of any security interest in Plaintiffs' Residence created under the Transaction;

c. Return of any money or property given by Plaintiffs to anyone, including defendants, in connection with the Transaction;

d. Expungement of any foreclosure instrument, if any, including but not limited to any Notice of Default and/or Notice of Trustee's Sale, relating to the Transaction from any public record;

e. Removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the Transaction; and

f. Costs and Reasonable attorney's fee.

### COUNT TWO - Damages

25. On December 2, 2008, pursuant to 12 CFR 226.15, Plaintiffs rescinded the Transaction by sending the Rescission Notices to defendants GREENPOINT and GMAC, respectively.

26. Defendants GREENPOINT and GMAC failed to comply with the provisions of 12 CFR 226.15.

27. As a result of the failure of defendants GREENPOINT and GMAC to comply with the provisions of the TILA and Reg Z, Plaintiffs are entitled to a complete release from any obligation to defendants GREENPOINT and GMAC and to expungement of the Deed of Trust recorded against Plaintiffs' Residence.

28. As a further result of defendants GREENPOINT and GMAC's actions, Plaintiffs have suffered emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

29. As a result of the failure of defendants GREENPOINT and GMAC to comply with the rescission provisions of the TILA and Reg Z, Plaintiffs are entitled to statutory damages up to $4,000.00, actual damages in an amount to be determined at trial; and costs and Reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
#### (Quiet Title)

30. For a Second Cause of Action against Defendants, Plaintiffs restate the allegations of Paragraphs 1 through 29.

31. Defendants GREENPOINT and/or GMAC claim an interest adverse to Plaintiffs' Residence in the form of the trust deed recorded pursuant to the Transaction, and Plaintiffs are seeking to quiet title against the claim of defendants under such trust deed.

32. Plaintiffs seek to quiet title as of June 26, 2006, the date of consummation of the Transaction.

### THIRD CAUSE OF ACTION
### (California Rosenthal Act)

33. For a Third Cause of Action against defendant GMAC only, Plaintiffs restate the allegations of Paragraphs 1 through 16.

34. Defendant GMAC's actions constitute a violation of the California Rosenthal Act §§1788.10 et seq. in that GMAC falsely stated the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, using unfair and unconscionable means in an attempt to collect a debt, communicating with a debtor known to be represented by counsel, and harassing a debtor by telephoning Plaintiffs repeatedly and directly.

35. Defendant GMAC's actions have caused Plaintiffs actual damages, including but not limited to emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

36. As a direct result of said violations, Plaintiffs are entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief)

37. For a Fourth Cause of Action against Defendants, Plaintiffs restate the allegations

1    of Paragraphs 1 through 32.

2         38. On or about June 29, 2006, Plaintiff Richard consummated a consumer credit

3    transaction governed by TILA secured by Plaintiffs' Residence.  In the course of the Transaction,

4    Plaintiff Richard did not receive material disclosures required by TILA, which extended Plaintiffs'

5    right to cancel to three years from the date of consummation of the Transaction.

6         39. Within three years of the consummation, Plaintiffs rescinded the Transactions by

7    sending the Rescission Notice to defendants GREENPOINT and GMAC.

8         40. Pursuant to 15 U.S.C. §1635, upon Plaintiffs' exercise of their right of rescission

9    of the Transactions, the security interests in Plaintiffs' Residence were void.

10

11        41. Despite Defendants' receipt of Plaintiffs' Rescission Notices, Defendants have

12   failed and refused to remove the deed of trust from Plaintiffs' Residence.

13        42. An actual controversy has arisen and now exists between Plaintiffs and Defendants

14   concerning their respective rights and duties.  Plaintiffs contend that they have rescinded the

15   Transactions and the security interests against Plaintiffs' Residence are void.  As such, Plaintiffs

16   further contend that Defendants have no right to maintain their deed of trust against Plaintiffs'

17   Residence.  Plaintiffs seeks an injunction requiring Defendants to remove their deed of trust and

18   preventing Defendants from pursuing any foreclosure proceeding against Plaintiffs' Residence.

19

20        43. Plaintiffs are informed and believe and thereon allege that for their part Defendants

21   contend that Plaintiffs have not exercised their right of rescission or that no right of rescission exists

22   and that Defendants are entitled to maintain their deed of trust.

23        44. Plaintiffs desire a judicial determination of the respective rights and duties of

24   Plaintiffs and Defendants and a declaration that the Transaction was rescinded, the security interest

25   held by Defendants is void, and no foreclosure of Plaintiffs' Residence can take place.

26        45. A judicial declaration is necessary and appropriate at this time under the

circumstances in order that Plaintiffs may ascertain their rights and duties under the rescission of the Transaction.

WHEREFORE, it is respectfully prayed that this Court:

ON THE FIRST CAUSE OF ACTION:

1. Assume jurisdiction of this case;

2. Declare the security interest in Plaintiffs' Residence is void;

3. Rescind the Transactions;

4. Order Defendants to take all action necessary to terminate any security interest in Plaintiffs' Residence created under the Transactions, and that the Court declare all such security interests void, including but not limited to the deeds of trust related to the Transactions;

5. Order the return to Plaintiffs of any money or property given by Plaintiffs to anyone in connection with the Transactions, in an amount not less than $20,000.00;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' Residence, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of that property;

7. Order the expungement of any foreclosure instrument, including any Notice of Default and Notice of Trustee's Sale relating to the Transactions from any public record;

8. Order the removal of any derogatory information relating to the Transactions from Plaintiffs' credit history;

9. Award Plaintiffs statutory damages for defendants' failure to comply with TILA including defendants' failure to respond properly to Plaintiffs' rescission notice, in the amount of twice the finance charge in connection with the Transaction, but not less than $400 or more than $4,000 as provided by 15. U.S.C. § 1640(a);

10.  Order that, because defendants failed to properly respond to Plaintiffs' notice of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all the Plaintiffs' claims, including damages from violations relating to the consummation of the Transaction by way of recoupment, and order defendants to accept tender on reasonable terms and over a reasonable period of time;

11.  Award of actual damages in an amount to be established at trial;

12.  Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1640(a);

13.  Award such other and further relief as the Court deems just and proper.

ON THE SECOND CAUSE OF ACTION:

14.  For an order quieting title in and to Plaintiffs' Residence, free from any encumbrance, lien or cloud on title created as a result of the Transactions.

ON THE THIRD CAUSE OF ACTION:

15. Actual damages, including but not limited to emotional distress;

16.  For statutory damages in an amount not less than $100.00;

17.  Award Plaintiffs costs and reasonable attorney's fees as provided under Cal. Civ. Code section 1788.30(c);

18.  Award such other and further relief as the Court deems just and proper.

ON THE FOURTH CAUSE OF ACTION:

19.  For a declaration that Plaintiffs rescinded the Transactions and the security interests in Plaintiffs' Residence are void;

20.  For a permanent injunction prohibiting Defendants and their agents or anyone acting on their behalf from instituting, prosecuting, or maintaining foreclosure or sale proceedings on Plaintiffs' Residence, from recording any deeds or mortgages regarding Plaintiffs' Residence or from

otherwise taking any steps whatsoever to deprive Plaintiffs' of ownership in Plaintiffs' Residence.

ON ALL CAUSES OF ACTION:

      21.  For costs of suit incurred herein;

      22.  For reasonable attorneys fees permitted by statute; and,

      23.  For such other and further relief as this court may deem just and proper.

Date: 6/23/09

Respectfully submitted,
Law Offices of Deborah L. Raymond

By: _____
Deborah L. Raymond, Esq.
Attorney For Plaintiffs

1

DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of
Civil Procedure.

3

4

Date: 6/23/09

Respectfully submitted,
Law Offices of Deborah L. Raymond

5

6

7

By: _____

8

Deborah L. Raymond, Esq.
Attorney For Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT "A"

PARCEL 1:

PARCEL 12, AS SHOWN ON EXHIBIT "B" ATTACHED TO LOT LINE ADJUSTMENT LL 93-030 RECORDED SEPTEMBER 30,1993, AS INSTRUMENT NO. 93-0662415 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

EXCEPT THEREFROM, ALL UNDERGROUND WATER LYING BENEATH SAID LAND, BUT WITHOUT THE RIGHT OF ENTRY TO THE SURFACE THEREOF FOR THE PURPOSE OF PROCURING WATER, AS RESERVED UPON THE MAP OF SAID LAND.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR INGRESS, EGRESS, ACCESS, MAINTENANCE, REPAIRS, DRAINAGE, ENCROACHMENT, SUPPORT, USE, ENJOYMENT AND FOR ALL OTHER PURPOSES AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR NEWPORT RIDGE COMMUNITY ASSOCIATION RECORDED MAY 5, 1993, AS INSTRUMENT NO. 93-0301553 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA (THE "MASTER DECLARATION") THE AMENDED AND RESTATED SUPPLEMENTARY DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTION FOR NEWPORT RIDGE COMMUNITY ASSOCIATION RECORDED NOVEMBER 18, 1993, AS INSTRUMENT NO. 93-0794963 OF SAID FOR (THE "SUPPLEMENTARY DECLARATION"), AND THE AMENDED AND RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENT FOR ST. MICHAEL AT NEWPORT RIDGE RECORDED NOVEMBER 15, 1993, AS INSTRUMENT NO. 93-0783790, OF OFFICIAL RECORDS (THE "DECLARATION").

EXHIBIT "A"

## HOME EQUITY LINE OF CREDIT
## NOTICE OF RIGHT TO CANCEL

|                                                    | DATE | 06/26/2006       |
|----------------------------------------------------|------|------------------|
| LENDER: **GreenPoint Mortgage Funding, Inc.**      | LOAN NO. | **0089981807** |
|                                                    | TYPE | **Adjustable Rate** |

BORROWERS/OWNERS **Richard Vandyke**

ADDRESS **2 Montreaux**
CITY/STATE/ZIP **Newport Beach, CA 92657 USA**
PROPERTY **2 Montreaux, Newport Beach, CA 92657**

We have agreed to establish an open-end credit account for you, and you have agreed to give us a mortgage/lien/security interest on your home as security for the account. You have a legal right under federal law to cancel this account, without cost, within THREE BUSINESS DAYS after the latest of the following events:

    (1)   The opening date of the account, which is               ; or
    (2)   The date you received your Truth in Lending disclosures; or
    (3)   The date you received this notice of your right to cancel the account.

If you cancel the account, the mortgage/lien/security interest on your home is also cancelled. Within TWENTY CALENDAR DAYS of receiving your notice, we must take the necessary steps to reflect the fact that the mortgage/lien/security interest on your home has been cancelled. We must return to you any money or property you have given to us or to anyone else in connection with this account.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within TWENTY CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this account, you may do so by notifying us, in writing, at
**GreenPoint Mortgage Funding, Inc., Attn: Rescission Processing**
**100 Wood Hollow Drive, Novato, CA 94945; or fax to 415-599-2323**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice no matter how you notify us because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____                    _____
CONSUMER'S SIGNATURE                                          DATE

---

The undersigned each acknowledge receipt of two copies each of <u>NOTICE OF RIGHT TO CANCEL.</u>

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.


_____
BORROWER/OWNER **Richard Vandyke**


(VMP)-8064 (0308)®        VMP Mortgage Solutions (800)521-7291

0089981807
8/03

EXHIBIT "B-1"

## HOME EQUITY LINE OF CREDIT
## NOTICE OF RIGHT TO CANCEL

LENDER: **GreenPoint Mortgage Funding, Inc.**

DATE  06/26/2006
LOAN NO.  0089981807
TYPE  Adjustable Rate

BORROWERS/OWNERS **Richard Vandyke**

ADDRESS **2 Montreaux**
CITY/STATE/ZIP **Newport Beach, CA 92657 USA**
PROPERTY **2 Montreaux, Newport Beach, CA  92657**

We have agreed to establish an open-end credit account for you, and you have agreed to give us a mortgage/lien/security interest on your home as security for the account. You have a legal right under federal law to cancel this account, without cost, within THREE BUSINESS DAYS after the latest of the following events:

(1)  The opening date of the account, which is                              ; or
(2)  The date you received your Truth in Lending disclosures; or
(3)  The date you received this notice of your right to cancel the account.

If you cancel the account, the mortgage/lien/security interest on your home is also cancelled. Within TWENTY CALENDAR DAYS of receiving your notice, we must take the necessary steps to reflect the fact that the mortgage/lien/security interest on your home has been cancelled. We must return to you any money or property you have given to us or to anyone else in connection with this account.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within TWENTY CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this account, you may do so by notifying us, in writing, at
**GreenPoint Mortgage Funding, Inc., Attn: Rescission Processing**
**100 Wood Hollow Drive, Novato, CA 94945; or fax to 415-599-2323**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice no matter how you notify us because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of
                              (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____        _____
CONSUMER'S SIGNATURE                                                      DATE

---

The undersigned each acknowledge receipt of two copies each of <u>NOTICE OF RIGHT TO CANCEL.</u>

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.

_____
BORROWER/OWNER **Nadine Dietrich**

-8064 (0306)                    VMP Mortgage Solutions (800)521-7291                    8/03

0089981807

EXHIBIT "B-2"

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

December 2, 2008

SENT VIA FACSIMILE # (415) 599-2323 PRIOR TO FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7008 1300 0001 1227 7180

GreenPoint Mortgage Funding, Inc.
Attn: Rescission Processing                    7008 1300 0001 1227 7180
100 Wood Hollow Drive
Novato, CA 94945

SENT VIA FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7008 1300 0001 1227 7197

GMAC Mortgage                                  7008 1300 0001 1227 7197
P.O. Box 4622
Waterloo, IA 50704-4622

Re:    Richard Van Dyke
       GreenPoint Mortgage Funding, Inc. Loan Number 0089981807
       GMAC Mortgage Account Number: 8307056188
       Property Address: 2 Montreaux, Newport Coast, California 92657
       NOTICE OF RESCISSION OF MORTGAGE ORIGINATED BY GREENPOINT
       MORTGAGE FUNDING, INC.
       A QUALIFIED WRITTEN REQUEST PURSUANT TO 12 U.S.C. §2605

Dear Sir or Madam:

       This office represents Richard Van Dyke and Nadine Dietrich in their claims against
GreenPoint Mortgage Funding, Inc., and its assigns, servicers, agents, principals, subsidiaries,
and/or the holder/owner of the note for the above referenced loan (hereinafter referred to as
"Creditor" or "you"). Enclosed is a copy of a Letter of Designation And Authorization signed by
my clients. All further communications must be directed to this office only. The debt associated

Page 1 of 4

**EXHIBIT "C"**

with the above referenced account/loan numbers is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

Consumers, Richard Van Dyke and Nadine Dietrich (hereinafter referred to as "Consumer"), base the following upon the understanding that Creditor is and was subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercise their rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumer bases their right to rescind upon the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to the Consumer, including but not limited to, two copies of a Notice of Right To Cancel containing all required information.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my clients may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by the Consumer within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Additionally, pursuant to 15 U.S.C. § 1641(f)(2) and 12 U.S.C. § 2605, A QUALIFIED WRITTEN REQUEST is hereby made for the name, address, and telephone number of the master servicer, all current mortgage holders, all current note/loan holders, and all current owners of the loan described above. Furthermore, A QUALIFIED WRITTEN REQUEST is made for all signed and/or unsigned copies of the following documents, if they exist, relating to the above referenced loan:

1. All Notices of Right to Cancel;
2. HUD-1 Disclosure;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents;
7. Disclosures pursuant to 15 U.S.C. §1639;
8. A History of Payments and other document showing the loan disbursements, loan charges, payments made, and current principal balance due;
9. The Entire Loan Origination File; and
10. All correspondence relating to the Loan.

If you take the position that no violation exists, I invite and request that you immediately

////

Page 2 of 4

EXHIBIT "C"

provide me with any and all information, data, or other documentation that you believe would support your position or disprove that this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws and subject to rescission.  Thank you.

Sincerely,

Deborah L. Raymond
Attorney for Richard Van Dyke and Nadine Dietrich

enclosure;

Page 3 of 4

19

**EXHIBIT "C"**

**WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO GREENPOINT MORTGAGE FUNDING, INC. LOAN NUMBER 0089981807 (GMAC MORTGAGE's account number 8307056188).** A signed photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or effect as a signed original.

Dated: 11/30/08

Richard Van Dyke

Dated: 11/30/08

Nadine Dietrich

Page 4 of 4

EXHIBIT "C"

## Law Offices of Deborah L. Raymond
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Richard Van Dyke and Nadine Dietrich / 2 Montreaux, Newport Coast, CA 92657

  Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously held Commitment Lending, and all parties associated with said loans, including without limitation, GreenPoint Mortgage Funding, Inc., GMAC Mortgage, LLC, and The Escrow Forum, any assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

  Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: 11/12/2008    Signed: _____

Date: 11/12/2008    Signed: _____

EXHIBIT "C"

# LAW OFFICES OF DEBORAH L. RAYMOND
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Telephone: (858) 481-9559
Fax: (858) 724-0747

## FAX COVER SHEET

DATE: December 2, 2008

To:    GreenPoint Mortgage Funding, Inc.
       Facsimile# 1-415-599-2323

FROM: Deborah L. Raymond, Esq.

# OF PAGES including this page: 6

## MESSAGE

Re:    Richard Van Dyke
      GreenPoint Mortgage Funding, Inc. Loan Number 0089981807
      GMAC Mortgage Account Number: 8307056188
      Property Address: 2 Montreaux, Newport Coast, California 92657
      NOTICE OF RESCISSION OF MORTGAGE ORIGINATED BY GREENPOINT
      MORTGAGE FUNDING, INC.
      A QUALIFIED WRITTEN REQUEST PURSUANT TO 12 U.S.C. §2605

CONFIDENTIAL INFORMATION

The pages comprising this facsimile transmission contain confidential information from the law office of Deborah L. Raymond. This information is intended solely for the use of the individual or entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copy, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we may arrange to retrieve it at no cost to you. Thank you.

EXHIBIT "C"

# HP LaserJet *3330*



Law Offices of Deborah L. Ray
858-724-0747
Dec-2-2008   3:26PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 16 | 12/ 2/2008 | 3:24:26PM | Send | 14155992323 | 2:12 | 6 | OK |

---

**LAW OFFICES OF DEBORAH L. RAYMOND**
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Telephone: (858) 481-8559
Fax: (858) 724-0747

FAX COVER SHEET

DATE: December 2, 2008

To:   GreenPoint Mortgage Funding, Inc.
      Facsimile# 1-415-599-2323

FROM: Deborah L. Raymond, Esq.

# OF PAGES including this page: 6

MESSAGE

Re:   Richard Van Dyke
      GreenPoint Mortgage Funding, Inc. Loan Number 0089981807
      GMAC Mortgage Account Number: 8507056188
      Property Address: 2 Montreaux, Newport Coast, California 92657
      NOTICE OF RESCISSION OF MORTGAGE ORIGINATED BY GREENPOINT
      MORTGAGE FUNDING, INC.
      A QUALIFIED WRITTEN REQUEST PURSUANT TO 12 U.S.C. §2605

CONFIDENTIAL INFORMATION

The pages comprising this facsimile transmission contain confidential information from the law office of Deborah L. Raymond. This information is intended solely for the use of the individual or entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copy, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we may arrange to retrieve it at no cost to you. Thank you.

EXHIBIT "C"